QUESTION:
May the clerk of the circuit court store permanent official books and records in a building other than the county courthouse where the clerk's office and records are maintained?
SUMMARY:
The clerk of the circuit court may store permanent official books and records in a building within the county seat other than the county courthouse where the clerk's office and records are maintained.
However, the requirements of s. 119.031, F.S., must be followed when establishing and maintaining within the county seat this other office for the storage of permanent official books and records by the clerk of the circuit court.
Your question is answered in the affirmative.
Article VIII, Section 1(k), State Const., provides that: "In every county there shall be a county seat at which shall be located the principal offices and permanent records of all county officers."
Section 28.07, F.S., provides that:
"The clerk of the circuit court shall keep his office at the county seat of the county; however, in those counties in which the clerk feels such offices to be necessary, he may establish branch offices in other places than the county seat and may provide such offices with a deputy clerk authorized to issue process; provided, that all permanent official books and records shall be kept at the county seat of the county."
In the case of Beville v. State, 55 So. 854 (Fla. 1911), the Florida Supreme Court held that a county seat or county town is the chief town of a county where the county building and courts are located and county business transacted and that a particular building is not a factor so long as the building is located at the county seat. (See also AGO's 058-17, 061-86, 062-42, 072-112, and 073-99.)
It appears from the above that the intent of the Florida Constitution, Florida Statutes, and Florida Supreme Court is that the clerk of the circuit court shall have his regular official offices located within the town or city limits of the county seat and that all permanent official books and records shall be kept at the county seat of the county. It is my opinion that this does not preclude the maintenance of an office other than the official office of the clerk of the circuit court within the county seat in which permanent official books and records are stored.
However, the maintenance of an office other than the official office of the clerk of the circuit court within the county seat in which permanent official books and records are stored is not without certain conditions.
Section 119.031, F.S., provides in part that, insofar as practicable, custodians of public records shall keep them in fireproof and waterproof safes, vaults, or rooms fitted with noncombustible materials and in such arrangement as to be easily accessible for convenient use by the public. Further, all public records should be kept in the buildings in which they are ordinarily used.
In view of the above, it is my opinion that while this is not an absolute prohibition against the maintenance of an office other than the official office of the clerk of the circuit court within the county seat in which permanent official books and records are stored, the requirements of s. 119.031, supra, must be followed when establishing and maintaining this other office for the storage of permanent official books and records that the clerk of the circuit court must maintain.